UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

    Plaintiff,

vs.

JOHN P. ACUNTO, et al.,

    Defendants.

_____/

ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS CAUSE is before the Court on Defendant and Non-Party's Motion for Protective Order and Objection to Document Requests (DE 4) and Plaintiffs' Response in Opposition thereto (DE 5). Neither Defendant nor the Non-Party's have replied to Plaintiffs' Response and the time for doing so has passed. The Court being sufficiently advised, it is hereby ORDERED that Defendant and Non-Party's Motion is DENIED for the reasons set forth below.

On June 17, 2011, Plaintiffs Leon Frenkel and Periscope Partners, LP obtained a judgment in the United States District Court for the Eastern District of Pennsylvania ("Judgment") in their favor and against Defendant John P. Acunto (and others); the Judgment awarded $283,686.61 to Plaintiff Frenkel and $494,250 to Plaintiff Periscope Partners, LP. On November 14, 2011, Plaintiffs registered the Judgment in this District.

Plaintiffs thereafter commenced discovery in aid of execution of the Judgment, including serving a subpoena *duces tecum* on non-party, Atlas Leasing ("Atlas"), the company that had leased to Acunto certain vehicles, including two Bentleys. According to

Plaintiffs, documents produced pursuant to that subpoena indicate that the lease payments for these vehicles were made, in part, by Anna June Robertson, Acunto's wife.  See checks and Accounts Receivable Inquiry reports (DE 5-2),

Plaintiffs subsequently served a subpoenas *duces tecum* for deposition on Robertson.[1]  Plaintiffs represent that the Robertson subpoena requires production of documents that relate directly to their efforts to execute on the Judgment against Acunto. These documents include those relating to "assets co-owned with Robertson, monies owed between the Moving Parties, benefits received by Robertson from entities owned or controlled by Acunto and obligations of Acunto paid by Robertson."  Response at 2 (DE 5).[2]

Acunto and Robertson (collectively, "Movants") now move the Court for a protective order precluding Robertson from having to testify at a deposition and ordering that she not be required to produce documents in compliance with the subpoena *duces tecum*. Movants argue that because Robertson was not a party to the Pennsylvania litigation and the Pennsylvania court did not enter any judgment against her, Plaintiffs should not be permitted to depose her or require her to produce documents without Plaintiff first

---

[1] Plaintiffs also served a subpoena *duces tecum* on Acunto. Acunto originally agreed to be deposed on March 28, 2012.  Acunto, however, was unable to appear for his deposition at that time because he sustained injuries in an automobile accident.  Acunto has provided Plaintiffs' counsel with an affidavit of a neurologist attesting that Acunto is presently unable to participate in a deposition.  Plaintiffs' counsel has agreed to reschedule Acunto's deposition when he becomes medically fit to testify.

[2] Plaintiffs indicate in their Response that a copy of the Robertson subpoena is attached as "Exhibit 3." The attached Exhibit 3 is not a copy of the subpoena; rather, it is a copy of the instant Motion.  Moreover, Movants have not provided the Court with a copy of the subpoena.

establishing a "proper predicate." According to Movants, Plaintiffs have not shown that Acunto transferred any assets to Robertson or that Robertson was in any way involved with the prior litigation.

In support of their argument, Movants rely on Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems Limited Partnership, 526 So. 2d 177, 179 (Fla. 2d DCA 1988). In Jim Appley's, a judgment debtor testified at a deposition; he, however, failed to produce documents in compliance with a subpoena *duces tecum.* The trial court denied the judgment creditor's motion to compel production of the documents, some of which related to assets jointly owned with the judgment debtor's wife. On appeal, Florida's Second District Court of Appeal court affirmed the trial court's ruling in part and denied it in part. In so doing, the appellate court stated:

> A judgment creditor should be allowed broad discovery into the debtor's finances, pursuant to [Fla. Stat.] section 56.29(4) . . . even if the discovery concerns property jointly owned with others. The trial court's acceptance of the assertion by the debtor . . . that he had no individually-owned assets to the best of is knowledge, was inconsistent with the right of the judgment creditor to discover assets of the debtor which might be subject to execution and levy.

Id. at 179. The Jim Appley's Court, however, agreed with the trial court's ruling that had prohibited the judgment creditor from discovering the judgment debtor's wife's separate income and assets "until a proper predicate ha[d] been shown." Id.

Plaintiffs counter that "the documents produced by Atlas Leasing reveal that Robertson has actually made payments to certain creditors of Acunto, creating an inference that Robertson may have access to moneys formerly belonging to Acunto or that Acunto's assets are being funneled through Robertson for the payment of some of

3

Acunto's obligations."   Response at 8 (DE 5).   Plaintiffs additionally assert that the Robertson subpoena *duces tecum* does not require production of documents concerning the separate income and assets of Acunto's wife; rather, it seeks documents that "relate directly to Acunto's assets, obligations and the exchange of monies between Acunto and Roberson." Id.   Movants have not objected to the production of any particular documents, nor have they filed a reply to refute Plaintiffs' assertions or characterizations of the documents sought.  And Movants have not proffered any reason or cited any authority that would require the Court to preclude Robertson from testifying altogether at a deposition. Moreover, the fact that Robertson was not a party to the Pennsylvania litigation is of no consequence.  Federal Rule of Civil Procedure 69 authorizes a judgment creditor to obtain discovery from "any person."  Fed. R. Civ. P. 69(a)(2) (emphasis added).

The Court finds that Movants have failed to show good cause for the issuance of a protective order.  Accordingly, it is hereby ORDERED that Anna June Robertson shall testify and produce documents in compliance with the subpoena *duces tecum* served on her by Plaintiffs on a date and at a time mutually convenient to Plaintiffs, Movants, and their counsel.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of April 2012.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

4