UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, ET AL.,

    Plaintiffs,                         Case No.: 0:11-CV-62422-JIC

v.

JOHN P. ACUNTO, ET AL.,

    Defendants.
_____/

## DEFENDANT, JOHN P. ACUNTO'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO SUBPOENA DUCES TECUM DIRECTED TO CITIBANK N.A.

Defendant, JOHN P. ACUNTO (referred to herein interchangeably as the "Judgment "Debtor" or "Acunto"), by and through his undersigned counsel, files this his Motion for Protective Order and Objection to the Subpoena Duces Tecum directed to Citibank, N.A. ("Citibank"), served by Plaintiffs, Leon Frenkel, et al. (collectively referred to herein as the "Plaintiffs" or the "Judgment Creditors"), the holders of a Judgment against Acunto, individually, and as grounds therefor states:

    1.    On June 14, 2011, a Final Judgment was entered against Acunto, individually, and co-Defendants, Absolute Partners, Inc. and Absolute Pro Studios, Inc., in the United States District Court for the Eastern District of Pennsylvania in favor of the Judgment Creditors. A copy of the Judgment is attached hereto as Exhibit "A."

    2.    The Judgment Creditors have served a Subpoena Duces Tecum on Citibank (the "Citibank Subpoena"), seeking various bank documents in Citibank's possession related to the following non-party entities: Chasin Records, LLC, Chasin Music Group, Inc., Kaptiva Group, LLC, and Johnkara, LLC. In addition they seek documents related to "Additional Acunto Account(s)," defined as "each and every bank account, investment account or safe deposit box

account at Citibank for which Acunto is/was the owner, authorized signor or beneficiary, or for which Acunto has authority pursuant to a power of attorney, other than the specific accounts" related to the non-parties identified above. A copy of the Citibank Subpoena is attached hereto as Exhibit "B."

3. Acunto objects to the Citibank Subpoena and requested documents in that the entities named in the Subpoena are non-parties to the judgment, and the information requested is irrelevant, and constitute their private and confidential financial information. In addition, as defined, the Additional Acunto Accounts is also irrelevant and contains the private and confidential information of non-parties.

4. Therefore, this Court should enter a protective order with respect to the Citibank Subpoena Duces Tecum.

## MEMORANDUM OF LAW

This Court should grant the protective order in connection with the Citibank Subpoena. Rule 45, Fed.R.Civ.P., governs discovery of non-parties by subpoena. *ErinMedia, LLC v. Nielsen Media Research, Inc.,* 2007 WL 1970860 *1–2 (M.D.Fla. July 3, 2007). A subpoena duces tecum is the only way to compel a non-party to produce documents or other materials. *American Airlines, Inc. v. In Charge Marketing, Inc.,* 2012 WL 2116349 (M.D.Fla.).

Rule 26(c), Fed.R.Civ.P., however, provides that a Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.R.Civ.P. 26(c)(1). The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotypes and conclusory statements" supporting the need for a protective order. *See, e.g., United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978). *Crable v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 5525361 (M.D.Fla.).

Important to the instant Motion for Protective Order and Objection related to the Citibank Subpoena is the fact that, although not absolute, Florida protects an individual's expectation of privacy in financial records. *Winfield v. Div. of Pari–Mutuel Wagering, Dep't of Bus. Regulation,* 477 So.2d 544, 548 (Fla.1985) (discussing Fla. Const. art. I, § 23); *Berkeley v. Eisen,* 699 So.2d 789, 790 (Fla.Dist.Ct.App.1997)(noting that court orders compelling discovery constitute state action for purposes of constitutional privacy rights). In addition to constitutional protection, §655.059(2)(b), Fla. Stat. requires financial institutions to keep confidential nonpublic account information except upon authorization from the account holder. In order to compel production of such confidential financial information, the requesting party must demonstrate the information is relevant. Similarly, §655.059(2)(b), Fla. Stat. permits disclosure of nonpublic records in accordance with 15 U.S.C. § 6802, which provides for unauthorized disclosure "to respond to judicial process." *Ochoa v. Empresas ICA, S.A.B. de C.V.,* 2012 WL 3260324 (S.D.Fla.).

In the instant case, the Judgment Creditors are seeking discovery from the non-party entities pursuant to discovery in aid of execution. But even in the context of discovery in aid of execution, the non-parties should be given an opportunity to protect their expectation of privacy in their private and confidential financial information, by being personally served with a Subpoena pursuant to Rule 45. Requiring the non-parties to be personally served will give them an opportunity to retain counsel and raise their own Objections, if they deem it appropriate. This is especially true in the instant case where Acunto and his wife were extensively deposed and previously produced their personal financial documents as requested. Moreover, Acunto holds no accounts in his individual name at Citibank and the LLC entities listed in the Subpoena are not single member LLC's and, therefore, the privacy interests of non-parties will be invaded if Citigroup is allowed to produce the documents. Similarly, with respect to Chasin Music Group,

3

Inc., Acunto owns .06% of the outstanding shares in that entity and is one of thirty shareholders. Therefore, again, the privacy interests of non-parties will be invaded if Citigroup is allowed to produce the documents. The Judgment Creditors have not shown how this information is relevant to the discovery in aid of execution proceedings against Acunto individually. As a result, this Court should enter a protective order with respect to the Citibank Subpoena.

WHEREFORE, Defendant, John Acunto, respectfully requests this Court to enter a Protective Order for the reasons set forth in this Motion, including sustaining the Objection to the documents requested from Citibank, and award such other and further relief as this Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rul 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. As reflected in the above Motion, the parties have been unable to resolve the issues presented herein.

BLOOM & FREELING

s/ L. Rachel Dolnick
L. RACHEL DOLNICK, ESQ.
Fla. Bar No. 898392
2295 N.W. Corporate Boulevard, Suite 117
Boca Raton, Florida 33431
Tel.: (561) 864-0000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to Mark D. Kushner, Esq., Roetzel & Andress, LPA, 350 East Las Olas Blvd., Suite 1150, Fort Lauderdale, Florida 33326, on this 21st day of August, 2012.

BLOOM & FREELING

s/ L. Rachel Dolnick
L. RACHEL DOLNICK, ESQ.
Fla. Bar No. 898392
2295 NW Corporate Blvd., Suite 117
Boca Raton, Florida 33431
(Tel:) 561-864-0000