UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, *et al.*

      Plaintiffs,

vs.

CASE NO. 0:11-CV-62422-JIC

JOHN P. ACUNTO, *et al.*
      Defendant.
_____/

### NOTICE OF ISSUANCE OF SUBPOENA IN CIVIL ACTION

Plaintiff, LEON FRENKEL, hereby gives notice of the issuance of the attached Subpoena in this action to the following non-party: Citibank, N.A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via US Mail and E-mail to: **L. Rachel Dolnick, Esq. and Jonathan Bloom, Esq.**, Bloom & Freeling, 2295 NW Corporate Boulevard, Suite 117, Boca Raton, Florida 33431, on this 8th day of August, 2012.

ROETZEL & ANDRESS, LPA

_____
Mark D. Kushner (FBN: 21056)
350 East Las Olas Boulevard, Suite 1150
Fort Lauderdale, Florida 33301
Phone: 954-462-4150
Fax: 954-462-4260
Email: mkushner@ralaw.com

Ex "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, *et al.*

        Plaintiffs,

vs.

JOHN P. ACUNTO, *et al.*
        Defendant.
_____/

CASE NO. 0:11-CV-62422-JIC

**SUBPOENA IN CIVIL ACTION**

TO:    Citibank, N.A.
        Branch Manager
        500 East Broward Blvd.
        Fort Lauderdale, FL 33394

☐ YOU ARE COMMANDED to appear in the United States District Court, Southern District of Florida, at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

SEE SCHEDULE "A" ATTACHED HERETO.

IN LIEU OF APPEARANCE, YOU MAY PRODUCE LEGIBLE COPIES OF THE DOCUMENTS LISTED ON SCHEDULE "A" TO THE UNDERSIGNED ATTORNEY ANY TIME PRIOR TO THE DATE LISTED BELOW.

| PLACE: | DATE AND TIME: |
|---|---|
| Roetzel & Andress, LPA<br>350 East Las Olas Boulevard<br>Suite 1150<br>Fort Lauderdale, FL 33301 | Friday, August 24, 2012 @ 9:00 a.m. |

1

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Mark D. Kushner, Esq. Florida Bar No.: 21056 ATTORNEY FOR PLAINTIFF | DATE 8/8/12 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Mark D. Kushner, Esq. Roetzel & Andress 350 E. Las Olas Blvd, Suite 1150 Fort Lauderdale, Florida 33301 954-462-4150 (o) 954-462-4260 (f) Mkushner@ralaw.com | |

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SIGN NAME | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                  Date                                                         Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

   (2)

      (A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      (B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   (3)

      (A) On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

      (B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

      (C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated

(D) DUTIES IN RESPONDING TO SUBPOENA.

   (1) These procedures apply to producing documents or electronically stored information:

      (A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

      (B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

      (C) The person responding need not produce the same electronically stored information in more than one form.

      (D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)

    (A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(E)   CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

## DEFINITIONS

a. "Acunto" means Defendant John P. Acunto, an individual, Defendant in this action, with the last known address of 18715 Ocean Mist Drive, Boca Raton, Florida 33498, including his agents, employees and representatives.

b. "Citibank" means Citibank N.A., its employees, agents and representatives.

c. "Chasin Records Account" means each and every Citibank account in the name of Chasin Records, LLC's, including, but not limited to, account 9117140900

d. "Chasin Music Account" means each and every Citibank account in the name of Chasin Music Group, Inc.

e. "Kaptiva Account" means each and every Citibank account in the name of Kaptiva Group, LLC, including, but not limited to, account 9117637413.

f. "Johnkara Account" means each and every Citibank account in the name of Johnkara, LLC, including, but not limited to the account ending in 084.

g. "Additional Acunto Account(s)" means each and every bank account, investment account or safe deposit box account at Citibank for which Acunto is/was the owner, authorized signor or beneficiary, or for which Acunto has authority pursuant to a power of attorney, other than the specific accounts defined above.

## DOCUMENTS TO BE PRODUCED

1. The operative signature card(s) for the Chasin Records Account, as well as all signature cards for such account(s) executed after January 1, 2010.

2. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Chasin Records Account since January 1, 2010.

3. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Chasin Records Account since January 1, 2010.

4. The operative signature card(s) for the Chasin Music Account, as well as all signature card(s) for such account executed after January 1, 2010.

5. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Chasin Music Account since January 1, 2010.

6. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Chasin Music Account since January 1, 2010.

7. The operative signature card(s) for the Kaptiva Account, as well as all signature card(s) for such account executed after January 1, 2010.

8. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Kaptiva Account since January 1, 2010.

9. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Kaptiva Account since January 1, 2010.

10. The operative signature card(s) for the Johnkara Account, as well as all signature card(s) for such account executed after January 1, 2010.

11. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Johnkara Account since January 1, 2010.

12. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Johnkara Account since January 1, 2010.

13. The operative signature card(s) for the Additional Acunto Account(s), as well as all signature card(s) for such account(s) executed after January 1, 2010.

14. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Additional Acunto Account(s), since January 1, 2010.

15. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Additional Acunto Account(s), since January 1, 2010.