UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

    Plaintiffs,

vs.

JOHN P. ACUNTO, et al.,

    Defendants.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS CAUSE is before the Court on Defendant, John P. Acunto's, Motion for Protective Order and Objection to Subpoena Duces Tecum Directed to Citibank N.A. (DE 19) and Plaintiffs' Response thereto (DE 27). Defendant has not filed a Reply, and the time for doing so has passed. The Court being sufficiently advised, it is hereby ORDERED that Defendant's Motion is DENIED for the reasons set forth below.

On June 17, 2011, Plaintiffs Leon Frankel and Periscope Partners, LP obtained a judgment in the United States District Court for the Eastern District of Pennsylvania ("Judgment") in their favor and against Defendant John P. Acunto (and others); the Judgment awarded $283,686.61 to Plaintiff Frenkel and $494,250 to Plaintiff Periscope Partners, LP. On November 14, 2011, Plaintiffs (hereinafter the "Judgment Creditors") registered the Judgment in this District.

The Judgment Creditors thereafter commenced discovery in aid of execution on the Judgment, including serving a subpoena *duces tecum* on the Judgment Debtor. In response the Judgment Debtor produced, among other documents, portions of the bank

statements for Kaptiva Group, LLC ("Kaptiva"), Chasin Records, LLC ("Chasin Records"), and Chasin Music Group, Inc. ("Chasin Music Group").  The Judgment Debtor's deposition, however, was continued after several hours of testimony because he had not produced all documents responsive to the subpoena.  The Judgment Creditors then served a subpoena *duces tecum* on Citibank N.A.  The subpoena seeks production of various financial documents of the following non-party entities:  Kaptiva, Chasin Records, Chasin Music Group; and Johnkara, LLC ("Johnkara") (collectively, the "Acunto Related Entities").  The subpoena also seeks financial documents of "Additional Acunto Account(s)," defined as "each and every bank account, investment account or safe deposit box account at Citibank for which Acunto is/was the owner, authorized signor or beneficiary of, for which Acunto has authority pursuant to a power of attorney, other than the specific accounts" of the non-parties identified above.  Subpoena (DE 19-2).

Defendant Acunto (hereinafter the "Judgment Debtor") objects to the Citibank subpoena *duces tecum* and seeks a protective order.  He, however, does not specifically identify the relief he seeks by way of the protective order; he argues only that the Judgment Creditors should be required to subpoena the documents sought not from Citibank directly but from the non-parties, so that they may protect their expectation of privacy in their confidential financial information.[1]  Yet, Federal Rule of Civil Procedure 69(a) authorizes a judgment creditor to obtain discovery in aid of execution "from any person – including the judgment debtor – as provided in [the Federal Rules of Civil Procedure] . . . ." Fed. R. Civ. P. 69(a)(2).  The Judgment Debtor has failed to cite any authority to support its argument,

---

[1] The Court assumes that the Judgment Debtor is moving to quash the Citibank subpoena *duces tecum.*

2

and the Court is not aware of any statutory or case law (or other authority) that would preclude the Judgment Creditors from subpoenaing the financial records directly from the bank.

Notwithstanding his argument, the Judgment Debtor also seeks to place in issue the non-parties' privacy interest in the financial documents sought by the Citibank subpoena.[2] As a threshold matter, the Court must consider whether Plaintiff has standing to challenge the subpoenas. Generally, a party lacks standing to challenge a subpoena directed to a non-party, unless that party has a personal right or privilege with respect to the subject matter of the documents or information sought. US Bank Nat'l Ass'n v. PHL Variable Ins. Co., No. 12 Civ. 6811 (CM)(JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)); Armor Screen Corp. v. Storm Catcher, Inc. No. 07-81091-Civ, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (Vitunac, M.J.) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)); Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (collecting cases); see also Wheeler v. Blackbear Two, LLC, No. 6:12-cv-583-ORL-37TBS, 2012 WL 5989423, at *3 (M.D. Fla. Nov. 30, 2012) ("Under Florida law, Defendant does not have standing to object [to discovery] on the basis of its employees' privacy

---

[2] See Motion at 2 (DE 19) ("Acunto objects to the Citibank Subpoena and requested documents in that the entities named in the Subpoena are non-parties to the judgment, and the information requested . . . constitute[s] **their** private and confidential financial interest.") (emphasis added); id. at 3 ("[T]he Judgment Creditors are seeking discovery **from the non-party entities** pursuant to discovery in aid of execution.") (emphasis added); id. ("[T]he **privacy interests of non-parties** will be invaded if Citigroup [sic] is allowed to produce the documents (emphasis added); id. at 4 ("[T]he privacy interests of non-parties will be invaded if Citigroup is allowed to  produce the documents."); id. at 4 ((("[A]gain the **privacy interest of non-parties** will be invaded if Citigroup [sic] is allowed to produce the documents.") (emphasis added).

3

rights," as the right to privacy is "personal to the individual.") (citing Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 940) (Fla. 2002)); Adelman v. Boy Scouts of America, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (Goodman, M.J.) (finding that party lacks standing to object to discovery based on the privacy rights of non-parties).  Here, the Judgment Debtor has not asserted any personal right or privilege in the financial records sought. Indeed, the Judgment Debtor represents that he has no accounts in his name at Citibank. Accordingly, the Judgment Debtor has failed to establish his standing to challenge the Citibank subpoena *duces tecum* on behalf of the non-parties.[3]  Assuming *arguendo*, however, that the Judgment Debtor does have standing, the instant motion must still be denied on the merits.

In Florida, an individual has a constitutional and statutory right to privacy in his financial information.  See Fla. Const. art. 1, § 23 ("Every natural person has the right to

---

[3] The Court recognizes that some courts have held that while a party does not have standing to quash a subpoena directed to a third-party under Federal Rule of Civil Procedure 45, a party does have standing to bring a motion for protective order on behalf of a third-party under Federal Rule of Civil Procedure 26.  See, e.g., Underwood v. Riverview of Ann Arbor, No. 08-CV-11024-DT, 2008 WL 5235992, at * 2 (E.D. Mich. Dec. 15, 2008); White Mule Co. v. ATC Leasing Co., LLC, No. 07-cv-00057, 2008 WL 2680273, at *4 (N.D. Ohio Jun. 25, 2008); Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc., No. 01-2417, 2002 WL 1483879, at *2 (W.D. Tenn. June. 26, 2002).  This Court, however, agrees with the court in PHL Variable, which observed:  "[I]t would be peculiar indeed if a party could circumvent the well-established standing requirements under Rule 45 simply by styling what is effectively a motion to quash as a motion for protective order."  2012 WL 5395249, at *2.

be let alone and free from governmental intrusion[4] into the person's private life . . . .");[5] Fla. Stat. § 655.059(2)(b) (requiring that a financial institution keep confidential a non-public account, except upon authorization from the account holder); see also Ochoa v. Empresas ICA, S.A.B de C.V., No. 11-23898-CIV, 2012 WL 3260324, at *6 (S.D. Fla. Aug. 8, 2012) (Simonton, M.J.) ("Florida protects an individual's expectation of privacy in financial records."); Winfield v. Div. of Pari-Mutuel Wagering, Dep't Bus. Regulation, 477 So. 2d 544, 548 (Fla. 1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records."). But as the Judgment Debtor acknowledges, "Florida's constitutional and statutory protection of personal financial and banking records . . . is not absolute." Ochoa, 2012 WL 3260324, at *6; see also Fla. Stat. § 655.059(e) (providing that although "the books and records of a financial institution are confidential," such books and records "shall be made available for inspection and examination . . . pursuant to a subpoena"). "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery . . . ." Ochoa, 2012 WL 3260324, at *6 (quoting Friedman v. Heart Institute of Port St. Lucie, Inc., 863 So. 2d 189, 194-95 (Fla. 2003)).

The Judgment Creditors proffer that the Acunto Related Entities' financial records

---

[4] Florida courts have held that court orders compelling discovery constitute state action for purpose of constitutional privacy rights. See, e.g., Berkeley v. Eisen, 699 So. 2d 789, 790 (Fla. 4th DCA 1997).

[5] It is doubtful that this constitutional protection applies to entities. Fla. Const. art. 1, § 23 itself states that the right to privacy applies to every "natural person." See also Florida Ass'n of Prof'l Lobbyists, Inc. v. Div. of Legislative Information Servs., No. 4:06cv123-SPM/WCS, 2006 WL 3826985, at *4 (N.D. Fla. Dec. 18, 2006) ("Lobbying firms have no right to privacy under the Florida Constitution because the right to privacy 'is a personal one, inuring solely to individuals.'") (quoting Alterra, 827 So. 2d at 941).

are relevant to their efforts to collect the Judgment; they contend that the Citibank subpoena *duces tecum* is reasonably calculated to lead to the discovery of evidence concerning the Judgment Debtor's assets and his use of the Acunto Related Entities' accounts.  According to the Judgment Creditors, they seek these documents to discover evidence of fraudulently transferred assets or "the indicia of same (namely, whether any assets of the Acunto Related Entities were transferred to or for the benefit of Acunto with the actual intent to hinder, delay or defraud Plaintiffs or without reasonably equivalent value in exchange.)"  The evidence submitted shows that the Judgment Debtor (Acunto) owns 40% of Kaptiva and 40% of Johnkara.  See Judgment Debtor's Verified Answer to Charging Order (DE 18).  Additionally, the Judgment Debtor is the manager of Kaptiva, Chasin Records, and Johnkara, and he is the CEO of Chasin Music Group.  See  State of Florida Division of Corporations filing (DE 9-2) and Chasin Music Group's 2012 Profit Annual Report (DE 27-3).  And for the 12-month period proceeding August 21, 2012, the Judgment Debtor received approximately $60,000 in distributions from Kaptiva.  See Judgment Debtor's Verified Answer to Charging Order (DE 18).  More significantly for purposes of this Motion, the evidence reveals that payments for the Judgment Debtor's personal residence were made, in part, from two Kaptiva accounts at Citibank, and payments for the Judgment Debtor's vehicle leases were also made from a Citbank Kaptiva account.  See Western Union Speedpay documents (DE 27-1).

"The scope of post-judgment discovery is broad[;] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." 1st Technology, LLC v. Rational Enters. LTDA, No. 2:06-cv-01110-RLH-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007) (internal quotation marks omitted).

Additionally, "[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets." Id. (internal quotation marks omitted). Given that the Judgment Debtor owns or controls, in part, the entities for which the banking records are sought, that he used at least one of the Acunto Related Entities to pay his personal expenses and that he produced to the Judgment Creditors incomplete banking records of the Acunto Related Entities, and given the broad scope of post-judgment discovery in aid of execution, the Court finds that the documents sought from Citibank are relevant to the Judgment Creditors' attempt to collect on the Judgment. Accordingly, Defendant, John P. Acunto's, Motion for Protective Order and Objection to Subpoena Duces Tecum Directed to Citibank N.A. (DE 19) is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 26th day of March 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record