UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

    Plaintiffs,

v.

JOHN P. ACUNTO, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant John P. Acunto's Amended Motion for Rehearing or Reconsideration as to the Order Striking Objections to Magistrate Judge's Order [DE 74] ("Motion").  The Court has carefully reviewed the Motion, Plaintiffs' Response [DE 81], Acunto's Reply [DE 82], and is otherwise fully advised in the premises.

**I.    Background**

On December 19, 2013, the Court granted Plaintiffs' motion to strike as untimely Acunto's objections to a discovery Order entered by Chief Magistrate Judge Seltzer. See DE 72 (Order Striking Objections to Magistrate Judge's Order).[1]  Although recognizing its discretion to extend the fourteen-day objections period "upon a proper showing by Acunto," the Court determined that Acunto had "not justified extending the objections deadline in this case":

---

[1] The Court's prior Order describes the facts and history of this judgment-enforcement action.  See DE 72 at 1-3.  In this Order, the Court summarizes the facts and procedural events directly relevant to the pending Motion.

> Acunto claims that his counsel failed to realize that the [discovery] Order was entered by a magistrate judge and therefore mistakenly believed that a direct appeal would lie with the Eleventh Circuit.  On the day Acunto's objections were due, however, Plaintiffs' counsel informed Acunto's counsel of the objections deadline and specifically referenced Magistrate Judge Rule 4.  See DE 68-1 at 1.  Acunto's counsel acknowledged that message, saying that he would respond to Plaintiffs' counsel after consulting with an appellate attorney.  See id.  Thus, even if Acunto's lawyers initially overlooked the need to file objections with this Court, they were aware of that requirement as of April 12, 2013.  Yet for reasons still unexplained, Acunto neither timely filed objections nor promptly sought an extension of the objections deadline.  Instead, two weeks later, he filed an appeal that the Eleventh Circuit summarily dismissed because the Order was not final.  Though perhaps not intentionally, Acunto's premature appeal and the litigation that followed have delayed Plaintiffs' efforts to enforce their judgment against him.  Given these events, Acunto cannot show that valid reasons exist for extending the objections deadline or that refusing to do so would be unfair to him.

DE 72 at 4-5 (footnote omitted).

On December 30, 2013, Acunto filed his present Motion in order to "explain a crucial material fact that was not considered" in the Court's earlier Order.  DE 74 at 1.  Acunto contends that the prior Order was "largely predicated on the assumption that both of Acunto's law firms (including his separate appellate counsel), were aware of the April 12 e-mail" from Plaintiffs' counsel about the objections deadline.  Id. at 2.  Acunto then explains at length how his attorneys failed to communicate or take any action regarding that deadline.  See id. at 2-4.  In particular, Acunto emphasizes that his "separate appellate firm was not privy to the April 12 e-mail at all."  Id. at 3.

**II.   Discussion**

Three grounds justify reconsideration of an earlier order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life

2

Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not a tool for relitigating what a court has already decided.  See Reyher, 900 F. Supp. at 430.  Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted); see Williams, 320 F. Supp. 2d at 1358.  Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly."  Williams, 320 F. Supp. 2d at 1358 (internal quotations omitted).

   Here, Acunto offers no persuasive reason for the Court to reconsider its Order striking his objections as untimely.  Though Acunto claims otherwise, a plain reading of that Order shows that it was not "largely predicated on the assumption that both of Acunto's law firms (including his separate appellate counsel), were aware of the April 12 e-mail."  Instead, the Court cited that e-mail in rejecting Acunto's argument that his counsel was unaware of the need to file objections to the Magistrate Judge's discovery Order.  The point was—and is—this:  Plaintiffs' counsel advised at least two of Acunto's lawyers of the deadline for objecting to the discovery Order, one of the attorneys acknowledged that message and promised to respond, but neither lawyer took any steps to file timely objections or to seek an extension of the objections deadline.  Nothing in Acunto's Motion changes these facts or their legal consequences.  Also, while Plaintiffs' motion to strike Acunto's objections pointed out the April 12 e-mail, Acunto's response to that motion raised none of his current arguments about the message—indeed, he never even mentioned it.  See DE 64; DE 65.  This too warrants denial of reconsideration.  See Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990) (explaining that motions for reconsideration "should not be used to raise arguments which could, and should, have been made before the judgment is issued" (internal quotation marks omitted)).

### III.     Conclusion

For the reasons discussed, it is **ORDERED AND ADJUDGED** that Defendant John P. Acunto's Amended Motion for Rehearing or Reconsideration as to the Order Striking Objections to Magistrate Judge's Order [DE 74] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Chief Magistrate Judge Barry S. Seltzer

Counsel of record