UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

    Plaintiffs,

vs.

JOHN P. ACUNTO, et al.,

    Defendants.
_____/

### ORDER DENYING NON-PARTIES' MOTIONS FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM

THIS CAUSE is before the Court on the Renewed Motions for Protective Order and to Quash Subpoena Duces Tecum filed by Non-Parties Kaptiva Group, LLC, Johnkara, LLC, Chasin Music Group, Inc., and Chasin Records, LLC (DE 75, 76, 77, and 78, respectively). Plaintiffs Leon Frenkel and Periscope Partners, L.P. have filed a Response (DE 83), and the Non-Parties have filed a Reply (DE 85). The Court having carefully reviewed and considered the parties' filings, having heard argument of counsel, and being otherwise sufficiently advised, it is hereby ORDERED that the Non-Parties' Motions are DENIED for the reasons set forth below.

### BACKGROUND

1.    On June 17, 2011, Plaintiffs Leon Frenkel and Periscope Partners, LP obtained a judgment in the United States District Court for the Eastern District of Pennsylvania ("Judgment") in their favor and against Defendant John P. Acunto (and others); the Judgment awarded $283,686.61 to Plaintiff Frenkel and $494,250 to Plaintiff

Periscope Partners, LP.  On November 14, 2011, Plaintiffs (hereinafter the "Judgment Creditors") registered the Judgment in this District.

2. The Judgment Creditors thereafter commenced discovery in aid of execution on the Judgment, including serving a subpoena *duces tecum* on John Acunto (the "Judgment Debtor").  In response, the Judgment Debtor produced, among other documents, portions of the bank statements for Kaptiva Group, LLC ("Kaptiva"), Chasin Records, LLC ("Chasin Records"), and Chasin Music Group, Inc. ("Chasin Music").  The Judgment Debtor's deposition, however, was continued after several hours of testimony because he had not produced all documents responsive to the subpoena.

3. The Judgment Creditors then served a subpoena *duces tecum* on Citibank N.A.  The subpoena seeks production of various financial documents of the following non-party entities:  Kaptiva, Chasin Records, Chasin Music; and Johnkara, LLC ("Johnkara") (collectively, the "Non-Parties" or the "Acunto Related Entities").  The subpoena also seeks financial documents of "Additional Acunto Account(s)," defined as "each and every bank account, investment account or safe deposit box account at Citibank for which Acunto is/was the owner, authorized signor or beneficiary of, for which Acunto has authority pursuant to a power of attorney, other than the specific accounts" of the Non-Parties identified above.  Subpoena (DE 19-2).[1]

4. The Judgment Debtor Acunto filed a Motion for Protective Order and Objection to Subpoena Duces Tecum Directed to Citibank N.A. (DE 19), and the Judgment

---

[1]  This is the same subpoena from which the Non-Party Movants now seek protection; a copy of the subpoena is attached to each of the instant Motions (DE 75-2, DE 76-2, DE 77-2, DE 78-2).

Creditors responded thereto (DE 27); Acunto did not filed a reply. On March 26, 2013, this Court entered an Order (DE 28) denying the Judgment Debtor's motion. In that Order, the Court rejected Acunto's argument that the Judgment Creditor should be required to subpoena the financial records directly from the Non-Parties, and it ruled that Acunto lacked standing to challenge the Citibank subpoena on behalf of the Non-Parties based on their privacy rights. Assuming *arguendo* that Acunto did have standing, the Court ruled that the motion would still be denied on the merits because (1) Florida's constitutional and statutory protection of personal financial and banking records is not absolute; such information is discoverable if it is relevant to the disputed issues and (2) the records sought are relevant to the Judgment Creditors' attempt to collect on the judgment, given that Acunto used at least one of the Acunto Related Entities' (the Non-Parties') banking accounts to pay his personal expenses. In a footnote, the Court also expressed doubt that Florida's constitutional right to privacy extends to entities.

5. On April 18, 2013, the Non-Parties moved for a protective order and to quash the Citibank subpoena on the same grounds raised by Acunto (Florida's constitutional and statutory right to privacy) (DE 29, 30, 31, 32).

6. On April 25, 2013, Acunto appealed this Court's Order denying his motion for protective order to the Eleventh Circuit. See Notice of Appeal (DE 35) and Corrected Notice of Appeal (DE 37).

7. That same day, this Court denied for administrative purposes the Non-Parties' Motions for Protective Order in light of Acunto's appeal, with leave to renew, if necessary, after the Eleventh Circuit rendered its decision. The Court also directed the Judgment Creditors to notify Citibank that it was not to produce documents in compliance

with the subpoena until further notice if the bank had not already produced the documents.[2] See Paperless Order (DE 39).

8. On June 28, 2013, the Eleventh Circuit *sua sponte* dismissed Acunto's appeal for lack of jurisdiction (DE 60). The undersigned's order was non-final and non-appealable; Acunto had failed to first appeal the order to the District Court.

9. On July 12, 2013, Acunto filed Objections to Magistrate's Order (DE 63), and on July 26, 2013, the Judgment Creditors moved to strike Acunto's objections (DE 64). On December 12, 2013, the District Court granted the Judgment Creditors' motion to strike, finding that Acunto had failed to file his objections within the required 14 days; rather, he filed them 108 days after the undersigned had entered the order. The District Court further found that Acunto's appeal to the Eleventh Circuit did not constitute good cause for an extension to file his objections. On December 27, 2013, and December 30, 2013, Acunto moved for reconsideration of the order striking his objections (DE 73, 74). On January 28, 2014, the District Court denied Acunto's Amended Motion for Reconsideration (DE 84).

10. On January 7, 2014, the Non-Parties filed the instant Renewed Motions for Protective Order and to Quash Subpoena Duces Tecum (DE 75, 76, 77, 78). On January 24, 2014, the Judgment Creditor responded to the Motions (DE 83), and on February 2, 2014, the Non-Parties replied thereto (DE 85).

11. On August 27, 2014, this Court conducted a hearing on the Non-Parties' Motions.

---

[2] Plaintiffs' counsel has represented that Citibank has not produced any documents.

## NON-PARTIES' RENEWED MOTIONS FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA *DUCES TECUM*

The Non-Parties, through counsel,[3] have each renewed their Motion for Protective Order and to Quash Subpoena Duces Tecum.  The gravamen of the Non-Parties' Motions is that they have a legitimate expectation of privacy in their financial information and that the financial documents sought by the Citibank subpoena are protected from disclosure by article 1, section 23 of the Florida Constitution and by Florida Statute § 655.059(2)(b).[4] The Non-Parties, however, acknowledge that a court may compel financial records when the requesting party demonstrates that such records are relevant.  The Non-Parties' request that the Court enter a protective order[5] and quash the Citibank subpoena, or alternatively, that the Court inspect the requested documents *in camera* "to determine whether [the Judgment Creditors'] right to know is outweighed by [the Non-Parties'] privacy interests."  The Non-Parties also request that should the Court deny their Motions, it require that the subpoenaed documents be produced subject to a confidentiality agreement "to be entered into between the parties."

In opposition, the Judgment Creditors first argue that the Court should deny the

---

[3] The Non-Parties and Acunto are represented by the same counsel.

[4] The Non-Parties' Motions are virtually identical.  And the Non-Parties raise the same privacy interests that the Judgment Debtor Acunto attempted to raise on their behalf.

[5] At the outset, the Court notes that the Non-Parties are not entitled to a protective order.  Federal Rule of Civil Procedure 26(c) provides that "<u>a party or person from whom discovery is sought</u> may move for a protective order. . . ."  Fed. R. Civ. P. 26(c) (emphasis added). The movants are not parties, and the discovery is not sought from them; rather, the discovery is sought from Citibank.  Federal Rule of Civil Procedure 45 governs subpoenas.  The Court, therefore, will consider only whether the Citibank subpoena should be quashed pursuant to Rule 45.

Motions because they were not timely filed. More specifically, the Judgment Creditors contend that the Non-Parties failed to file their Motions within 30 days of the occurrence of grounds for the motions, in violation of Local Rule 26.1(h)(1). The Non-Parties filed their original Motions for Protective Order and to Quash Subpoena Duces Tecum nine months after the issuance of the Citibank subpoena. This Court permitted the Non-Parties to renew their motions after the Eleventh Circuit had ruled; yet, they did not file their renewed motions until more than 6 months after the Eleventh Circuit's June 28, 2013 dismissal of Acunto's appeal.

The Non-Parties explain their filing delay. According to the Non-Parties, they refrained from filing their original Motions because Acunto had already filed a motion for protective order directed to the same subpoena; had the Court granted his motion a separate motion by the Non-Parties would have been unnecessary. With respect to their delay in filing the instant Renewed Motions, the Non-Parties state that they filed the motions on January 7, 2014 – 26 days after the District Court had struck Acunto's objections to this Court's Order denying his motion for protective order.

This Court finds that the Non-Parties clearly could have been more diligent in seeking to protect their interests. However, given the permissive nature of Local Rule 26.1(h)(1) and the circumstances here, as well as the preference for deciding motions on their merits, the Court will not deny the Non-Parties' Motions on timeliness grounds.

The Judgment Creditors next argue that the Non-Parties do not have standing to challenge the subpoena *duces tecum* served on Citibank. Generally, an individual or entity lacks standing to challenge a subpoena directed to a third party, unless that individual or entity has a personal right or privilege with respect to the subject matter of the documents

or information sought. US Bank Nat'l Ass'n v. PHL Variable Ins. Co., No. 12 Civ. 6811 (CM)(JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)); Armor Screen Corp. v. Storm Catcher, Inc. No. 07-81091-Civ, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)); Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (collecting cases); see also Wheeler v. Blackbear Two, LLC, No. 6:12-cv-583-ORL-37TBS, 2012 WL 5989423, at *3 (M.D. Fla. Nov. 30, 2012) ("Under Florida law, Defendant does not have standing to object [to discovery] on the basis of its employees' privacy rights," as the right to privacy is "personal to the individual.") (citing Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 940) (Fla. 2002)); Adelman v. Boy Scouts of America, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (Goodman, M.J.) (finding that party lacks standing to object to discovery based on the privacy rights of non-parties). Numerous courts, however, have held that parties have a personal interest in their financial records sufficient to confer standing to challenge a subpoena directed to a third-party. See, e.g., Quillet v. Jain, No. 6:12-cv-1283-Orl-28TBS, 2014 WL 1918046, at *2 (M.D. Fla. May 12, 2014) ("Many courts have ruled that parties have a personal interest in the confidentiality of their financial records that is sufficient to confer standing to challenge a subpoena directed to a third-party.") (internal quotation marks omitted); Mancuso v. Florida Metro. Univ., Inc., No. 09-61984-CIV, 2011 WL 310726, at *1-2 (S.D. Fla. Jan. 28, 2011); Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C., No. 09-497 JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011); Schmulovich v. 1161 Rt 9 LLC, No. 07-597 (FLW), 2007 WL 23652598, at *2 (D.N.J. Aug. 15, 2007); Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. 2007);

United States v. Cimino, 219 F.R.D. 695, 696 (N.D. Fla. 2003). Here, the subpoena *duces tecum* at issue seeks the financial records of the Non-Parties. Accordingly, the Court finds that the Non-Parties do have standing to challenge the subpoena directed to Citibank.

The Judgment Creditors next argue that the Non-Parties do not have a right to privacy under the Florida Constitution. They contend that the Florida constitutional right to privacy applies only to individuals and does not extend to entities. The Florida Constitution, article 1, section 23 provides: "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life . . . ."[6] In its Order denying Judgment Debtor Acunto's motion for protective order, based on the language of this Constitutional provision – "natural person" – this Court expressed doubt as to whether the constitutional privacy right applies to entities.[7] No Florida state court, however, has expressly held that Florida's constitutional right of privacy does not apply to entities. In support of their argument, the Judgment Creditors rely on Alterra Healthcare Corp. v. Estate of Francis Shelley, 827 So. 2d 936 (Fla. 2002) in which the Florida Supreme Court stated that Florida's constitutional right to privacy "is a personal one, inuring solely to individuals." Id. at 941. In Alterra, the issue before the court was "whether an employer

---

[6] Florida courts have held that court orders compelling discovery constitute state action for purpose of constitutional privacy rights. See, e.g., Berkeley v. Eisen, 699 So. 2d 789, 790 (Fla. 4th DCA 1997).

[7] In support of their argument, the Judgment Creditors cite to this Court's decision in Perez v. Aircom Mgt. Corp, Inc., No. 12-60322-CIV, 2013 WL 45895, at *3 (S.D. Fla. Jan. 3, 2013). In Perez, the defendant corporation objected to a request for admission on the ground that its financial information was protected by Florida's constitutional right to privacy. The Court noted that the defendant had failed to cite to any authority demonstrating that such constitutional protection extends to corporations. The Court, however, assumed that it did for purposes of the motion.

that is not subject to the Public Records Act has standing under Florida law to challenge the disclosure of nonparty personnel records pursuant to court-ordered discovery." Id. at 940. The court held that an assisted living facility lacked standing to withhold the discovery sought by asserting the constitutional right to privacy of its employees  In stating that the state constitutional right to employees "inured solely to individuals," the court was considering whether a third party (the assisted living facility) could assert the right on behalf of the its individual employees; it ruled that it could not. The Alterra Court, however, did not hold that the constitutional protection fails to extend to corporations or other entities; it did not even address the issue.[8]  As no Florida state court has squarely addressed or decided the issue of whether Florida's constitutional right to privacy extends to corporations or other entities, for purposes of this Motion, this Court will assume that such right to privacy does extend to the Non-Parties here.

The Judgment Creditors also argue that even if the Non-Parties have a constitutional right to privacy, the Non-Parties have waived their right to object to the Citibank subpoena by permitting Acunto to produce at least a portion of such documents in response to the Judgment Creditors' prior discovery requests. The Non-Parties counter that "there is no evidence in the record to indicate that the Non-Parties gave their permission to have their private financial information disclosed or that they took any steps

---

[8] In a case challenging the facial validity of an Act passed by the Florida Legislature prohibiting payments by lobbyists to officials, a district court in the Northern District of Florida ruled that "[l]obbying firms have no right to privacy under the Florida Constitution because the right to privacy 'is a personal one, inuring solely to individuals.'"). Fla. Ass'n of Prof'l Lobbyists, Inc. v. Div. of Legislative Info. Servs. of the Fla. Office of Legislative Servs., No. 4:06cv123-SPM/WCSm 2006 WK 3826985, at *4 (N.D. Fla. Dec. 28, 2006) (quoting Alterra, 827 So. 2d at 941).

inconsistent with a reasonable expectation of privacy in such information." Reply ¶ 13 (DE 85).  As Acunto has on ownership interest in the Non-Party entities and as he is their manager or CEO, it appears likely that Acunto would have the authority to act for the Non-Parties with respect to the production of their records, thereby waiving the Non-Parties' privacy rights.  However, as the record is not sufficiently developed for the Court to conclusively find that Acunto has such authority, the Court will not deny the Non-Parties' Motions on the basis of waiver.

Here, the Non-Parties contend that they are protected from disclosure of their financial records by both Florida's constitutional right to privacy and by Florida Statute § 655.059(2)(b) (requiring that a financial institution keep confidential a non-public account, except upon authorization from the account holder); see also Ochoa v. Empresas ICA, S.A.B de C.V., No. 11-23898-CIV, 2012 WL 3260324, at *6 (S.D. Fla. Aug. 8, 2012) (Simonton, M.J.) ("Florida protects an individual's expectation of privacy in financial records."); Winfield v. Div. of Pari-Mutuel Wagering, Dep't Bus. Regulation, 477 So. 2d 544, 548 (Fla. 1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records.").  But as the Non-Parties acknowledge, "Florida's constitutional and statutory protection of personal financial and banking records . . . is not absolute." Ochoa, 2012 WL 3260324, at *6; see also Fla. Stat. § 655.059(e) (providing that although "the books and records of a financial institution are confidential," such books and records "shall be made available for inspection and examination . . . pursuant to a subpoena").  "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery . . . ." Ochoa, 2012 WL 3260324, at *6 (quoting Friedman v. Heart Institute of Port St. Lucie, Inc., 863

So. 2d 189, 194-95 (Fla. 2003)).

The Judgment Creditors argue that this Court has already found that the financial documents sought by the subject *subpoena duces tecum* are relevant and that disclosure is warranted under the applicable law.  According to the Judgment Creditors, their purpose in subpoenaing the records from Citibank is "to discover evidence of fraudulently transferred assets or the indicia of same."  Response at 11 (DE 83).  "The scope of post-judgment discovery is broad[;] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."  1st Tech., LLC v. Rational Enters. LTDA, No. 2:06-cv-01110-RLH-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007) (internal quotation marks omitted).  Additionally, "[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets."  Id.  (internal quotation marks omitted).

In its opposition to the Judgment Debtor's motion for protective order, the Judgment Creditors submitted evidence as to Acunto's relationship with the Non-Parties.  The evidence showed that the Judgment Debtor owns 40% of Kaptiva and 40% of Johnkara. See Judgment Debtor's Verified Answer to Charging Order (DE 18).  Additionally, the Judgment Debtor is the manager of Kaptiva, Chasin Records, and Johnkara, and he is the CEO of Chasin Music Group.  See  State of Florida Division of Corporations filing (DE 9-2) and Chasin Music Group's 2012 Profit Annual Report (DE 27-3).   And for the 12-month period proceeding August 21, 2012, the Judgment Debtor received approximately $60,000 in distributions from Kaptiva.  See Judgment Debtor's Verified Answer to Charging Order (DE 18).  More significantly, the evidence revealed that payments for the Judgment Debtor's personal residence were made, in part, from two Kaptiva accounts at Citibank,

and payments for the Judgment Debtor's vehicle leases were also made from a Citibank Kaptiva account.  See Western Union Speedpay documents (DE 27-1).

In previously denying the Judgment Debtor's motion for protective order, this Court stated:

> Given that the Judgment Debtor owns or controls, in part, the entities for which the banking records are sought, that he used at least one of the Acunto Related Entities to pay his personal expenses and that he produced to the Judgment Creditors incomplete banking records of the Acunto Related Entities, and given the broad scope of post-judgment discovery in aid of execution, the Court finds that the documents sought from Citibank are relevant to the Judgment Creditors' attempt to collect on the Judgment.

March 26, 2013 Order at 7 (DE 28).[9]

In the instant Motions, the Non-Parties do not challenge the relevancy of the financial documents sought by the subpoena *duces tecum* directed to Citibank.[10]  Rather, they argue that "[a]ny marginal relevancy that [their] confidential bank documents and other financial records may have to Plaintiff's discovery needs should be deemed to be outweighed by the sensitive and private nature of the requested records."[11]  Motions at 4.

---

[9]  That Acunto attempted to assert the privacy interests of the Non-Parties in his motion for protective order and that both Acunto and the Non-Parties are represented by the same counsel herein are further indicia of their alignment of interests and the relevancy of the documents sought.

[10]  At the August 27, 2014 hearing, the Non-Parties' counsel summarily contended that the financial records are not relevant; she, however, failed to proffer the reason the Non-Parties believe the documents are not relevant.

[11]  In their Reply memorandum, the Non-Parties argue for the first time that the Judgment Creditors must show not only relevancy but also the necessity for the financial records sought and that they must use the least restrictive means to obtain the records.  Local Rule 7.1(c), however, provides that a reply memorandum is "strictly limited to rebuttal of matters raised in the memorandum in opposition. . . ."  S.D. Fla. L.R. 7.1(c).  Judges in

Weighing the parties' interests,[12] the Court concludes that any prospective harm to the Non-Parties (or to their individual members) resulting from the production of their financial records can be mitigated by the entry of a confidentiality order that limits the use of these records and the information contained therein to this litigation.  At the August 27, 2014 hearing, the Judgment Creditors agreed to the entry of such a confidentiality order.

In sum, the Non-Parties have failed to proffer any reason to suggest that this Court's prior decision that the Citibank financial records are relevant to the Judgment Creditors' collection efforts and should be produced is erroneous.  Accordingly, it is hereby ORDERED that the Non-Parties' Renewed Motions for Protective Order and to Quash Subpoena Duces Tecum (DE 75, 76, 77, and 78) are DENIED.  It is further ORDERED that within ten (10) days of the date of this Order, the parties shall provide to the Court a proposed Agreed Confidentiality Order for its approval.  After a Confidentiality Order has been entered, the Judgment Creditors shall provide a copy of this Order to Citibank, and Citibank shall then comply with the subpoena duces tecum served on it by the Judgment Creditors.

---

this district, therefore, have repeatedly rejected attempts by parties to raise new arguments in a reply memorandum.  See, e.g., Felicia v. Celebrity Cruises, Inc., No. 12-20477-CIV, 2012 WL 6869829, at *2 (S.D. Fla. Nov. 30, 2012) (Snow, M.J.); Willis v. DHL Global Customer Solutions (USA), Inc., No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 7, 2011) (Cohn, J.); Thompkins v. Lil Joe Records, Inc., No. 02-61161, 2008 WL 896898, at *11 (S.D. Fla. Mar. 31, 2008) (Moreno, J); Flamenbaum v. Orient Lines, Inc., No. 03-22549-Civ, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (Altonaga, J); Plante v. USF&G Speciality Ins. Co., No. 03-23517-Civ, 2004 WL 741382, at *5 n.3 (S.D. Fla. Mar. 2, 2004) (Gold, J).  Accordingly, the Court has not considered these arguments.

[12] The Non-Parties request that the Court conduct an *in camera* inspection of the records sought "to determine whether Plaintiffs' need to know is outweighed by [their] privacy interests. . . ."  Motions at 4. The Court finds that such an inspection is unnecessary.

As a final matter, the Judgment Creditors request that the Court enter an award of attorney's fees against the Non-Parties pursuant to Florida Statute § 57.115(1), which provides that "[t]he court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution of a judgment." They argue that they served the subpoena on Citibank in furtherance of executing on the judgment and have incurred reasonable attorney's fees and costs related thereto. But, the Florida Statute § 57.115(1) permits attorney's fees to be imposed against a judgment debtor; the Non-Parties are not judgment debtors. Accordingly, the Judgment Creditors' request for attorney's fees is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of September 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record