UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, ET AL.,

     Plaintiffs,                    Case No.: 0:11-CV-62422-JIC

v.

JOHN P. ACUNTO, ET AL.,

     Defendants.

_____/

## AGREED CONFIDENTIALITY ORDER

This Agreed Confidentiality Order is entered in accordance with the directive in this Court's Order Denying Non-Parties' [Renewed] Motions for Protective Order and to Quash Subpoena Duces Tecum [DE 120], and shall govern the confidential information and documents and shall authorize the release of the information among the Parties and other individuals identified in this Order without obtaining prior written consent of the individuals to whom the records pertain, but only in accordance with the terms of this Order, as follows:

    I.    **DEFINITIONS GENERALLY**

The following definitions shall apply to this Order:

    A.  **"Collection Action"** shall mean the above-styled action, Case No. 0:11-CV-62422-JIC, including any appeals.

    B.  **"Party"** shall mean any one of the parties to this Collection Action.

    C.  **"Parties"** shall mean, collectively, all of the parties to the Collection Action.

    D.  **"Non-Party Entities"** shall mean, collectively, Chasin Records, LLC, Chasin Music Group, Inc., Kaptiva Group, LLC, and Johnkara, LLC.

E. **"Citibank Subpoena"** shall mean that certain Subpoena in Civil Action served in the Collection Action on Citibank, N.A., Branch Manager, 500 East Broward Blvd., Fort Lauderdale, Florida 33394, including **Exhibit "A"** attached thereto.

F. **"Citibank"** shall mean "Citibank, N.A., its employees, agents, and representatives.

G. **"Documents"** shall mean any and all documents produced by Citibank in response to the Citibank Subpoena, whether in written or electronic form, or any other medium. In addition, the word "Document" is used in the broadest possible sense and means, without limitation, any written electronic, printed, typed, photostated, photographed, recorded, or otherwise reproduced matter of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any notation made on such copies or otherwise) including, without limitation, minutes, agendas, contracts, agreements, reports, summaries, presentations, inter-office and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, thermofax, confirmations, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, and all graphic, electronic, or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, motion pictures and electronics, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs, magnetic cards, and other such recordings.

II. **PROTECTED MATERIALS:**

A. The following Documents are designated as "Confidential," and shall be referred to herein as the **"Confidential Documents"**: Any and all Documents produced by Citibank in response to the Citibank Subpoena, including those related to the Non-Party Entities,

but excluding any Document produced by Citibank that was previously disclosed in this case or any Document produced by Citibank that is subsequently produced in this case by a third party, any of the Non-Party Entities, or Defendants.

B. The Confidential Documents are deemed confidential, including the information contained therein (the **"Confidential Information"**) even if they are not physically marked as such.

### III. RESTRICTED USE OF CONFIDENTIAL DOCUMENTS:

Except as otherwise ordered by this Court, Confidential Documents produced in this Collection Action shall be used solely in the Collection Action, including any appeals, and shall not be disclosed to any other person or entity without prior written consent of the Parties and their counsel, and except as provided in Section IV, below.

### IV. DISCLOSURE OF CONFIDENTIAL DOCUMENTS TO QUALIFIED PERSONS:

Counsel may provide, disclose, discuss, or otherwise communicate about Confidential Documents, in any form, only to **"Qualified Persons,"** defined as the following:

A. The Parties, the Parties' respective counsel of record, appellate counsel of record, including partners, associates, paralegals, and clerical and support personnel acting under the direction and control of the Parties' respective counsel and/or appellate counsel, and only those who are necessary to assist the Parties' counsel and/or appellate counsel in this Collection Action, including any appeals;

B. The Court and all persons assisting the Court in this Collection Action, including clerks, judicial assistant, or other personnel or employees of the Court;

C. Any experts hired by the Parties' counsel of record and/or appellate counsel, who reasonably need access to the Confidential Documents in order to assist the Parties in the prosecution or defense of this Collection Action, including any appeals, but only after being advised of the terms of this Agreed Confidentiality Order and agreeing to abide by its terms to not disclose any Confidential Documents to any persons not identified in this Section IV;

D. Outside copying services persons;

E. Witnesses in preparation for or examination at deposition or trial, but only to the extent reasonably necessary to prepare and/or examine such witnesses at deposition or trial;

F. Any other person hereafter designated by written stipulation of the Parties or by further order of this Court.

V.   ACKNOWLEDGEMENT AND WRITTEN ASSURANCE

A. In no event shall any Confidential Documents be disclosed to any person identified in Section IV C. through F. above, unless and until such person has executed the written, dated certificate of compliance attached hereto as Exhibit "B" acknowledging that he or she has received and read a copy of this Order and that he or she agrees: (i) to be bound by its terms; (ii) understands that the unauthorized disclosure or use of Confidential Documents may constitute a violation of this Order and may subject the individual to liability; and (iii) that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing the terms of this Order. Upon request, counsel shall provide a copy of the certificate of compliance executed by any expert identified under Rule 26, Fed.R.Civ.P., provided that the request is after the Rule 26 identification has occurred.

B. The Parties' counsel will retain copies of the executed acknowledgment forms until such time as this Collection Action, including all appeals, is concluded. Should counsel wish to disclose Confidential Documents subject to this Order to any persons other than those indicated in Section IVA. through E. above, it must obtain the written consent of the non-disclosing party; alternatively, counsel may seek an Order from this Court allowing the disclosure, upon the filing of an appropriate motion.

C. Notwithstanding the provisions of this Agreed Confidentiality Order, the Parties do not waive any objection to the admissibility of the Confidential Documents, or any portion thereof, in any court proceeding, on the grounds of relevance, privilege, prejudice, or competency.

VI. **COPIES**

All copies of Confidential Documents produced by Citibank shall be treated the same way as originals, as set forth in this Agreed Confidentiality Order.

VII. **DESIGNATION OF DEPOSITION TRANSCRIPTS AND EXHIBITS AS CONFIDENTIAL**

A. To the extent not provided for already herein, a deponent may, during the deposition, be shown, and examined about the Confidential Documents, provided the procedures in Section V, above, are complied with.

B. Parties may, within 15 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Information related to the Confidential Documents within the deposition transcript may be designated by stamping the portions of the pages that are confidential as "Confidential." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this

order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the confidential portions and exhibits shall be treated as such in compliance with this Agreed Confidentiality Order and if ever filed, they shall be filed under seal separate from the portions and exhibits not so marked.

## VIII. FILING OF CONFIDENTIAL DOCUMENTS

Any Party wishing to submit a filing to the Court or any appellate court, including a motion, brief, exhibit, affidavit, or declaration, that includes any Confidential Documents or otherwise discusses the contents of Confidential Documents, shall redact the confidential information, where feasible. In such case, the filing party shall retain the unredacted copies of such documents and (i) serve an unredacted copy of the filing on the opposing Party, and (ii) make an unredacted copy available to the Court upon request. Where redaction of confidential information is not feasible or is impractical, the filing party shall make such filing under seal pursuant to the Local Rules of the Southern District of Florida. All confidential material used pursuant to this section shall be submitted to the Court under seal stating "CONFIDENTIAL MATERIAL SUBMITTED UNDER SEAL PURSUANT TO THE AGREED CONFIDENTIALITY ORDER DATED _____, 2014. In connection with all filings, the parties are admonished to comply fully with Rule 5.2, Fed.R.Civ.P., and the Local Rules, Southern District of Florida.

## IX. USE OF CONFIDENTIAL DOCUMENTS

This Agreed Confidentiality Order shall govern the use of Confidential Documents and Confidential Information in this Collection Action, including any court hearings, appeals or other

court proceedings. The Agreed Confidentiality Order shall be subject to modification, upon written consent of the Parties, or upon Motion filed with the Court and a showing of good cause by the Parties. Any Confidential Document admitted into evidence shall not lose its confidential designation unless expressly ordered by the Court.

### X.   INADVERTENT DISCLOSURE

The inadvertent or unintentional disclosure of Confidential Documents or Confidential Information shall not be construed to be a waiver, in whole or in part, of the Parties' claims of confidentiality as to the Confidential Documents. If, a Party discovers that Confidential Documents previously produced should have been designated Confidential, that Party shall promptly identify the Documents it intends to designate Confidential and the basis for designating the Documents as such. The Documents shall thereafter be treated as Confidential in accordance with the provisions of this Order. The Party receiving such notice shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such newly designated information are immediately treated as containing Confidential information.

### XI.   NO ORAL WAIVERS

The Parties may waive the confidentiality provisions of this Order as to any Confidential Documents or Confidential Information, only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed Confidential pursuant to this Order.

### XII.   AMENDMENTS

This Order may be amended by the agreement of counsel for the Parties in the form of a proposed written amendment to the Order. Such proposed modification shall be submitted to the Court for approval.

### XIII. NO ADMISSION

Nothing contained in this Order shall be construed as an admission that any Confidential Document or Confidential Information, or any testimony relating to such Document or Information, is or would be admissible as evidence in this Collection Action, or in any other proceeding.

### XIV. COMPLETION OF COLLECTION ACTION

Within sixty (60) days after the final resolution of this Collection Action (including resolution of all appellate proceedings or by settlement), all Confidential Documents or other items containing Confidential Documents, and all copies thereof which are in the possession, custody or control of any person (including but not limited to copies within the possession or control of any expert or employee as permitted herein) other than the Defendant, John Acunto, shall either be returned to Defendant, John Acunto or destroyed upon the written consent of Defendant, John Acunto to the Plaintiffs.

DONE AND ORDERED in Fort Lauderdale, Florida, this 10th day of Oct, 2004.

HONORABLE BARRY S. SELTZER
Chief United States Magistrate Judge

Copies furnished to:

All counsel of record

**EXHIBIT "A"**

See attached

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, *et al.*

    Plaintiffs,                       CASE NO. 0:11-CV-62422-JIC

vs.

JOHN P. ACUNTO, *et al.*
    Defendant.
_____/

### NOTICE OF ISSUANCE OF SUBPOENA IN CIVIL ACTION

Plaintiff, LEON FRENKEL, hereby gives notice of the issuance of the attached Subpoena in this action to the following non-party: Citibank, N.A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via US Mail and E-mail to: **L. Rachel Dolnick, Esq. and Jonathan Bloom, Esq.**, Bloom & Freeling, 2295 NW Corporate Boulevard, Suite 117, Boca Raton, Florida 33431, on this 8th day of August, 2012.

                                                ROETZEL & ANDRESS, LPA

                                                _____
                                                Mark D. Kushner (FBN: 21056)
                                                350 East Las Olas Boulevard, Suite 1150
                                                Fort Lauderdale, Florida 33301
                                                Phone: 954-462-4150
                                                Fax: 954-462-4260
                                                Email: mkushner@ralaw.com

Ex "B"

Case 0:11-cv-62422-JIC  Document 19-2  Entered on FLSD Docket 08/21/2012  Page 2 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEON FRENKEL, et al.

    Plaintiffs,

vs.

JOHN P. ACUNTO, et al.
    Defendant.
_____/

CASE NO. 0:11-CV-62422-JIC

**SUBPOENA IN CIVIL ACTION**

TO:   Citibank, N.A.
       Branch Manager
       500 East Broward Blvd.
       Fort Lauderdale, FL 33394

☐ YOU ARE COMMANDED to appear in the United States District Court, Southern District of Florida, at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

SEE SCHEDULE "A" ATTACHED HERETO.

IN LIEU OF APPEARANCE, YOU MAY PRODUCE LEGIBLE COPIES OF THE DOCUMENTS LISTED ON SCHEDULE "A" TO THE UNDERSIGNED ATTORNEY ANY TIME PRIOR TO THE DATE LISTED BELOW.

| PLACE: | DATE AND TIME: |
|---|---|
| Roetzel & Andress, LPA<br>350 East Las Olas Boulevard<br>Suite 1150<br>Fort Lauderdale, FL 33301 | Friday, August 24, 2012 @ 9:00 a.m. |

1

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Mark D. Kushner, Esq. Florida Bar No.: 21056 ATTORNEY FOR PLAINTIFF | DATE 8/8/12 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark D. Kushner, Esq.
Roetzel & Andress
350 E. Las Olas Blvd, Suite 1150
Fort Lauderdale, Florida 33301
954-462-4150 (o)
954-462-4260 (f)
Mkushner@ralaw.com

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SIGN NAME | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              Date                                                    Signature of Server

_____
Address of Server

2

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)
   (A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   (B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)
   (A) On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

   (B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   (C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) These procedures apply to producing documents or electronically stored information:

   (A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   (C) The person responding need not produce the same electronically stored information in more than one form.

   (D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

3

(2)

    (A)    A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B)    If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(E)    CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

## DEFINITIONS

a. "Acunto" means Defendant John P. Acunto, an individual, Defendant in this action, with the last known address of 18715 Ocean Mist Drive, Boca Raton, Florida 33498, including his agents, employees and representatives.

b. "Citibank" means Citibank N.A., its employees, agents and representatives.

c. "Chasin Records Account" means each and every Citibank account in the name of Chasin Records, LLC's, including, but not limited to, account 9117140900

d. "Chasin Music Account" means each and every Citibank account in the name of Chasin Music Group, Inc.

e. "Kaptiva Account" means each and every Citibank account in the name of Kaptiva Group, LLC, including, but not limited to, account 9117637413.

f. "Johnkara Account" means each and every Citibank account in the name of Johnkara, LLC, including, but not limited to the account ending in 084.

g. "Additional Acunto Account(s)" means each and every bank account, investment account or safe deposit box account at Citibank for which Acunto is/was the owner, authorized signor or beneficiary, or for which Acunto has authority pursuant to a power of attorney, other than the specific accounts defined above.

## DOCUMENTS TO BE PRODUCED

1. The operative signature card(s) for the Chasin Records Account, as well as all signature cards for such account(s) executed after January 1, 2010.

2. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Chasin Records Account since January 1, 2010.

3. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Chasin Records Account since January 1, 2010.

4. The operative signature card(s) for the Chasin Music Account, as well as all signature card(s) for such account executed after January 1, 2010.

5. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Chasin Music Account since January 1, 2010.

6. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Chasin Music Account since January 1, 2010.

7. The operative signature card(s) for the Kaptiva Account, as well as all signature card(s) for such account executed after January 1, 2010.

8. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Kaptiva Account since January 1, 2010.

9. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Kaptiva Account since January 1, 2010.

10. The operative signature card(s) for the Johnkara Account, as well as all signature card(s) for such account executed after January 1, 2010.

11. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Johnkara Account since January 1, 2010.

12. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Johnkara Account since January 1, 2010.

13. The operative signature card(s) for the Additional Acunto Account(s), as well as all signature card(s) for such account(s) executed after January 1, 2010.

14. All bank statements, copies of canceled checks and documents, from or on behalf of any authorized signor, authorizing or directing wire transfers or other debits and credit to and from the Additional Acunto Account(s), since January 1, 2010.

15. Copies of all deposit records, including, but not limited to, deposit slips and copies of deposited checks for the Additional Acunto Account(s), since January 1, 2010.

## ACKNOWLEDGEMENT AND CERTIFICATE OF COMPLIANCE WITH AGREED CONFIDENTIALITY ORDER

I have read and do understand the Agreed Confidentiality Order entered in the following styled action on _____, 2014, and I hereby agree to be bound by it: *Leon Frenkel, et al v. John P. Acunto, et al*, Case No. 0:11-CV-62422-JIC (the "Collection Action"). Specifically, I agree that I will not disclose any documents or information, collectively referred to as "Confidential Documents and Information," to any person, except as authorized by the Court or as authorized in the Agreed Confidentiality Order.

I further agree that I will take appropriate steps to maintain the confidentiality of the Confidential Documents and Information. I hereby confirm that my duties under this Acknowledgement shall survive the termination of the Collection Action and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the Agreed Confidentiality Order.

Dated _____

_____
[Signature]

_____
[Print full name]

EXHIBIT "B"

10