UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

      Plaintiffs,

vs.

JOHN P. ACUNTO, et al.,

      Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the undersigned pursuant to the District Court's Order Referring Case [DE 144] to the Magistrate Judge for appropriate disposition or recommendation as to all post-judgment matters.  Plaintiffs, Leon Frenkel and Periscope Partners, LP, have filed a Motion to Enforce Settlement Agreement and Motion to Compel Release of Citibank Documents [DE 139]. For the following reasons, the undersigned recommends that the Motion to Enforce Settlement Agreement be GRANTED, that the Motion to Compel Release of Citibank Documents be DENIED AS MOOT, and that the Court enter an award of attorney's fees in favor of Plaintiffs and against attorney Jonathan Bloom in the amount of $1,705 and against Judgment Debtors in the amount of 5,802.50.

1.    Background

    This action was filed as a Registration of Foreign Judgment [DE 1].  On or about June 17, 2011, Plaintiffs obtained a Judgment against Defendants/Judgment Debtors John P. Acunto, Absolute Partners, Inc., and Absolute Pro Studios, Inc. ("Acunto" or "Judgment Debtors") in the United States District Court for the Eastern District of Pennsylvania.  The

Judgment, amongst other things, liquidated damages against the Judgment Debtors and in favor of Plaintiff Leon Frenkel in the amount of $283,686.61 and in favor of Plaintiff Periscope Partners, LP, (collectively, "Plaintiffs" or "Judgment Creditors") in the amount of $494,250.00. [DE 1]. Plaintiffs commenced discovery in aid of execution, which included a subpoena issued to Citibank, N.A. for financial records of certain non-parties that were related to or affiliated with Acunto.   Extensive litigation (from March 2012 [DE 4] to December 2014 [DE 134]) relating to the Citibank subpoena ensued.

On or about December 4, 2014, the parties entered into a Settlement Agreement. [DE 139-1].  The parties agreed to liquidate the amounts due in this action as of the date of the Settlement Agreement -- $1,047,302.87 – and agreed to a reduced settlement sum of $804,000 to be paid within nine (9) months from the effective date of the Settlement Agreement.  The Settlement Agreement also provided that Acunto's counsel, Jonathon Bloom ("Bloom"), would serve as escrow agent for the documents produced by Citibank pursuant to the subpoena.   Attorney Bloom, who was a signatory to the Settlement Agreement, not only agreed to serve as escrow agent, but also to provide the Citibank documents to Judgment Creditors upon demand in the event Judgment Debtors breached the Settlement Agreement by non-payment. [DE 139-1].  Finally, the Settlement Agreement provided for recovery of attorney's fees and costs by the prevailing party in any action to enforce the terms of the Settlement Agreement. [DE 141, ¶ 20]. Several amendments were made to the Settlement Agreement over time, none of which are pertinent to the issues in this Report.

Judgment Debtors failed to pay any of the amounts due under the Settlement Agreement. [DE 153]. Thereafter, Judgment Creditors made a demand for payment; when

payment was not made, Judgment Creditors made a demand upon attorney Bloom to produce the Citibank documents. [DE 153].   Attorney Bloom failed to produce the documents, stating  that he could not locate them. Affidavit of Jonathan Bloom [DE 142]. Judgment Creditors then filed the instant Motion to Enforce Settlement Agreement and Motion to Compel Production of Citibank Documents. [DE 139].  The undersigned held a hearing on July 28, 2016, at which time Plaintiffs were requested to submit an Affidavit of Non-Payment [DE 153] to establish default by Defendants/Judgment Debtors and an Affidavit of Attorney's Fees [DE 154].   Attorney Jonathon Bloom filed an Affidavit in Response [DE 155].  This matter is now ripe for consideration.

        2.    Analysis

        A compromise and settlement of a bona fide controversy between litigants constitutes a valid and binding settlement agreement.  Allapattah Servs., Inc. v. Exxon Corp., 188 F.R.D. 667, 684 (S.D. Fla. 1999). "Any consideration of [a] settlement agreement must commence with the recitation of two basic rules of analysis. Reed v. United States, 717 F. Supp. 1511, 1515 (S.D. Fla.1988).  First, compromises of disputed claims are favored by the courts. Id. Second, [w]here the parties acting in good faith settle a controversy, the courts will enforce the compromise without regard to what result might, or would have been, had the parties chosen to litigate rather than settle. Id." Ekins v. Harbourside Funding, LP, 2014 WL 4655756, at *3 (S.D. Fla. Sept. 17, 2014), aff'd, 608 F. App'x 803 (11th Cir. 2015) (internal quotation marks omitted).

        It is undisputed that the parties have entered into a valid Settlement Agreement and that Judgment Debtors have defaulted under that Settlement Agreement by non-payment of the amount due. [DE 153].  As such, the undersigned recommends that Judgment

Creditors are entitled to all relief under the Settlement Agreement, as amended. Accordingly, Judgment Creditors are entitled to re-commence collection efforts in this action to seek satisfaction of the Net Balance Due (as defined in Settlement Agreement ¶ 2). The outstanding balance now due under the Settlement Agreement, as amended, is $1,145,216.67 (excluding attorney's fees and costs). [DE 153].

In addition, Judgment Creditors are entitled to production of the Citibank documents from the escrow agent, attorney Bloom.  At the hearing, attorney Bloom testified and later submitted an affidavit.  He avers that he had approached Citibank to secure an additional copy of the subpoenaed documents that were being demanded for production, but  that Citibank was not cooperative. [DE 155].   Attorney Bloom has acknowledged that the Citibank documents entrusted to his care cannot be located. [DE 155].   As such, Bloom is in default of his obligations under the Settlement Agreement.   Plaintiffs/Judgment Creditors ask the Court to award attorney's fees incurred as a result of that breach.

Attorney Bloom argues that Judgment Creditors should have simply re-supboenaed Citibank to obtain the documents, rather than incur fees by filing a Motion to Compel. [DE 155].   In essence, attorney Bloom argues that Judgment Creditors failed to mitigate their damages by turning to the Court instead of re-subpoenaing the Citibank documents. He submits that Judgment Creditors unnecessarily incurred attorney's fees that should not be charged to him. The undersigned disagrees.

Judgment Creditors are entitled to the benefit of their bargain in entering into the Settlement Agreement for a significantly reduced sum: prompt release of the Citibank documents upon default.   The parties had litigated the discoverability of the Citibank documents for three years and then reached a compromise that required production of the

4

documents upon default; Judgment Creditors have the right to enforce the Settlement Agreement and the right to recover attorney's fees incurred in enforcing the Settlement Agreement.  The undersigned recommends that Judgment Creditors be awarded their attorney's fees related to the breach of the Settlement Agreement and that attorney Bloom be held responsible for that portion of the fees directly related to his failure to safeguard and produce the Citibank documents.

 3. <u>Attorney's Fees.</u>

 Judgment Creditors have filed an Affidavit of Attorneys' Fees and Costs [DE 154], which was prepared by Plaintiffs' counsel, Mark D. Kushner.  Kushner reports 27.30 hours of billable time attributable to Judgment Debtors' breach of the Settlement Agreement, for a total of $7,507.50.  The undersigned notes that it was Judgment Debtors' default under the Settlement Agreement that necessitated Court enforcement; as such, the majority of fees and costs should be borne by Judgment Debtors.  For example, the fees for researching, preparing and arguing the present motion are primarily attributable to Judgment Debtors' default, not to attorney Bloom. Nonetheless, certain of the fees incurred are attributable solely to attorney Bloom's duty breach as escrow agent, and should not be charged to Judgment Debtors.  For example, attorney Bloom's responsive memorandum and the resulting reply memorandum relate solely to the Citibank documents.  The undersigned has reviewed the time entries[1] [DE 154-1] and has identified those entries that are fairly attributable to to attorney Bloom's breach and are therefore properly charged to him:

_____

[1]Time entries are reproduced in the order they are listed in the affidavit.

5

| 3/30/16 | Telephone conference with Rachel Dolnick, Esq. regarding update as to Citibank documents; e-mail client regarding same | 0.10 |
|---|---|---|
| 3/30/16 | E-mail exchange with counsel for Acunto regarding Citibank documents; e-mail client regarding same | 0.80 |
| 4/8/16 | E-mail to opposing counsel or copy of correspondence sent to Citibank from same for replacement Citibank documents | 0.20 |
| 4/8/16 | E-mail exchange with client regarding status of continued non-production of Citibank Documents | 0.20 |
| 6/14/16 | Review e-mail from counsel for debtor Acunto; telephone conference with same | 0.20 |
| 6/21/16 | Review Affidavit of Jonathan Bloom in support of Response in Opposition to Motion to Enforce and Motion to Compel | 0.20 |
| 6/28/16 | Draft reply as to Motion to Enforce and Motion to Compel | 1.40 |
| 6/20/16 | Receipt and review of Response to Motion to Enforce and Motion to Compel | 0.30 |
| 6/30/16 | Finalize and e-file Reply as to Motion to Enforce and Motion to Compel | 0.40 |
| 6/3/16 | Prepare multiple exhibits to support Motion to Enforce Settlement Agreement and Motion to Compel | 0.30 |
| 7/12/16 | E-mail opposing counsel regarding good faith effort to serve Citibank replacement Subpoena via e-mail | 0.10 |
| 7/8/16 | Draft Notice of Intent to Issue replacement Subpoena to Citibank; revise and finalize replacement Subpoena; e-mail counsel for Acunto regarding same | 0.70 |
| 3/10/16 | Telephone conference with Jerry regarding non-response from Jonathan Bloom, Esq. | 0.10 |
| 8/1/16 | Review settlement proposal from opposing counsel as to demand for award of attorney's fees related to default of escrow agreement | 0.20 |
| 8/1/16 | E-mail opposing counsel regarding Citibank non-compliance with replacement subpoena for account records of Acunto and non-parties; e-mail Citibank representative regarding same | 0.40 |

6

| 8/7/16 | Review settlement proposal from attorney bloom as to outstanding legal feed [sic] incurred following non-production of citibank documents; e-mail counter proposal | 0.60 |
| | Total hours attributable to Bloom's breach of escrow agreement | 6.2 |

Attorney Kushner charged Plaintiffs/Judgment Creditors $275 per hour, which is a reasonable rate.  Thus, the amount attributable to attorney Bloom for his breach of the Settlement Agreement is $1,705.00. The remainder of the fees, $5,802.50 should be imposed upon Defendants/Judgment Debtors.

Accordingly, it is hereby **RECOMMENDED** that (1) the Motion to Enforce Settlement Agreement be **GRANTED**; (2) Judgment Debtors be found in default under the Settlement Agreement; (3) Plaintiffs/Judgment Creditors be authorized to re-commence post-judgment efforts to enforce the Net Balance Due in this action, as well as all relief available under the Settlement Agreement, (4)  the Motion to Compel Release of Citibank Documents be **DENIED AS MOOT**, and (5)  Plaintiffs/Judgment Creditors be awarded attorney's fees in their favor in the total amount of $7,507.50,  that $1,705.00 of that amount be assessed against attorney Jonathon Bloom, and that  $5,802.50 of that amount be assessed against Defendants/Judgment Debtors.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and

legal conclusions contained in this Report except upon grounds of plain error if necessary

in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149

(1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED in Chambers, Fort Lauderdale, Florida, this 22nd day of

August, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel and

Hon. James I. Cohn via CM/ECF