UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62422-CIV-COHN/SELTZER

LEON FRENKEL, et al.,

    Plaintiffs,

v.

JOHN P. ACUNTO, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**THIS CAUSE** is before the Court on the Report and Recommendation [DE 156] ("Report") of Magistrate Judge Barry S. Seltzer concerning Plaintiffs' Motion to Enforce Settlement Agreement and Motion to Compel Release of Citibank Documents [DE 139] ("Motions"). No party filed objections to the Report by the deadline of September 9, 2016. Nevertheless, the Court has carefully reviewed the Report and is otherwise fully advised in the premises.

In this action to enforce an out-of-state judgment, the parties earlier entered into a Settlement Agreement (the "Agreement"). See DE 139-1. As pertinent here, the Agreement liquidated the amount Defendants owed to Plaintiffs; required defense counsel Jonathan Bloom to hold certain documents (the "Citibank documents") in escrow and produce those documents to Plaintiffs' counsel if Defendants breached the Agreement; and allowed the prevailing party in any enforcement action to recover attorney's fees and costs. The Court approved and adopted the Agreement, retaining jurisdiction to enforce its terms. See DE 138 (Order of Dismissal Without Prejudice).

Defendants ultimately failed to pay the amount owed under the Agreement. And though Plaintiffs' counsel demanded the Citibank documents, Bloom claimed he could not locate them. Based on these events, Plaintiffs filed their instant Motions.

In the Report, Magistrate Judge Seltzer observed that it was "undisputed" that the parties had "entered into a valid Settlement Agreement" and that Defendants had "defaulted under that Settlement Agreement by non-payment of the amount due." DE 156 at 3. Judge Seltzer thus determined that Plaintiffs were "entitled to all relief under the Settlement Agreement." Id. at 4. Specifically, Judge Seltzer found that Plaintiffs were "entitled to re-commence collection efforts in this action to seek satisfaction of the Net Balance Due (as defined in Settlement Agreement ¶ 2)." Id. Because Defendants and Bloom breached their duties under the Agreement, Judge Seltzer also concluded that Plaintiffs should recover their attorney's fees for enforcing the Agreement and that "Bloom be held responsible for that portion of fees directly related to his failure to safeguard and produce the Citibank documents." Id. at 5.

After a careful review, this Court agrees with Magistrate Judge Seltzer's reasoning, conclusions, and recommendations. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 156] is **ADOPTED**;
2. Plaintiffs' Motion to Enforce Settlement Agreement [DE 139] is **GRANTED**;
3. Defendants are found to be in default under the Settlement Agreement;
4. Plaintiffs may recommence post-judgment efforts to enforce the Net Balance Due in this action, as well as all relief available under the Settlement Agreement;
5. Plaintiffs' Motion to Compel Release of Citibank Documents [DE 139] is **DENIED AS MOOT**; and

6. Plaintiffs are awarded attorney's fees totaling $7,507.50. Attorney Jonathan Bloom shall pay $1,705.00 in fees to Plaintiffs, and Defendants shall pay fees of $5,802.50 to Plaintiffs. These amounts shall be paid in full by no later than **November 14, 2016**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October, 2016.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Barry S. Seltzer

Counsel of record